IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RESONANT BIOTECHNOLOGIES, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>CORNING INC., PERKINELMER INC.,<br>PERKINELMER HEALTH SCIENCES, INC.,<br>PERKINELMER OPTOELECTRONICS SC, INC.,<br>PERKINELMER INSTRUMENTS, LLC,<br>NOVARTIS CORPORATION, NOVARTIS<br>PHARMACEUTICALS CORPORATION,<br>NOVARTIS VACCINES AND DIAGNOSTICS,<br>INC., NOVARTIS INSTITUTES FOR<br>BIOMEDICAL RESEARCH, INC.,<br>ASTRAZENECA LP, ASTRAZENECA<br>PHARMACEUTICALS, LP, ASTRAZENECA<br>BIOTECH AB, ASTRAZENECA BIOTECH<br>HOLDINGS, INC., ASTRAZENECA<br>BIOPHARMACEUTICALS INC., EISAI, INC.,<br>EISAI MEDICAL RESEARCH, INC., EISAI<br>PHARMATECHNOLOGY, INC., EISAI<br>AMERICA, INC., EISAI CORPORATION OF<br>NORTH AMERICA, GILEAD SCIENCES, INC.,<br>GILEAD HOLDINGS, LLC, GILEAD SCIENCES<br>HOLDINGS, LLC, GILEAD COLORADO, INC.,<br>GILEAD VINTAGE PARK, LLC, VERTEX<br>PHARMACEUTICALS, INC., VERTEX<br>PHARMACEUTICALS (NORTH AMERICA) LLC,<br>VERTEX PHARMACEUTICALS (SAN DIEGO)<br>LLC, VERTEX HOLDINGS, INC., and VERTEX<br>HOLDINGS, LLC,<br><br>   Defendants. | C.A. No.: _____<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

  Plaintiff Resonant Biotechnologies, LLC for its Complaint against Defendants states as

follows:

## THE PARTIES

1.      Plaintiff Resonant Biotechnologies, LLC is a Delaware limited liability company with its principal place of business in Newport Beach, California.

2.      Defendant Corning Inc. is a New York corporation which, upon information and belief, has its principal place of business in Corning, New York.  Corning Inc.'s registered agent for service of process is Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.  Upon information and belief, Corning Inc. does business in the state of Delaware by, among other things, offering for sale and selling the Corning EPIC® System within the state of Delaware.

3.      Upon information and belief, Defendant PerkinElmer Inc. is a corporation organized and existing under the laws of the state of Massachusetts.  PerkinElmer Inc.'s registered agent for service of process is C T Corporation System, 155 Federal St., Suite 700, Boston, Massachusetts 02110.  Upon information and belief, PerkinElmer Inc. does business in the state of Delaware by, among other things, offering for sale and selling products including its EnSpire® Multimode Plate Reader within the state of Delaware.

4.      Upon information and belief, Defendant PerkinElmer Health Sciences, Inc. is a corporation organized and existing under the laws of the state of Delaware.  PerkinElmer Health Sciences, Inc.'s registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.  Upon information and belief, PerkinElmer Health Sciences, Inc. does business in the state of Delaware.

5.      Upon information and belief, Defendant PerkinElmer OptoElectronics SC, Inc. is a corporation organized and existing under the laws of the state of Delaware.  PerkinElmer OptoElectronics SC, Inc.'s registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.  Upon

2

information and belief, PerkinElmer OptoElectronics SC, Inc. does business in the state of Delaware.

6.     Upon information and belief, Defendant PerkinElmer Instruments, LLC is a limited liability company organized and existing under the laws of the state of Delaware. PerkinElmer Instruments, LLC's registered agent for service of process is the Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.   Upon information and belief, PerkinElmer Instruments, LLC does business in the state of Delaware.

7.     Upon information and belief, Defendant Novartis Corporation is a corporation organized and existing under the laws of the state of New York.   Novartis Corporation's registered agent for service of process is the Prentice-Hall Corporation System, 80 State Street, Albany, New York 12207.   Upon information and belief, Novartis Corporation does business in the state of Delaware.

8.     Upon information and belief, Defendant Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the state of Delaware.   Novartis Pharmaceuticals Corporation's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.   Upon information and belief, Novartis Pharmaceuticals Corporation does business in the state of Delaware.

9.     Upon information and belief, Defendant Novartis Vaccines and Diagnostics, Inc. is a corporation organized and existing under the laws of the state of Delaware.   Novartis Vaccines and Diagnostics, Inc.'s registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.   Upon information and belief, Novartis Vaccines and Diagnostics, Inc. does business in the state of Delaware.

10.     Upon information and belief, Defendant Novartis Institutes for Biomedical Research, Inc. is a corporation organized and existing under the laws of the state of Delaware. Novartis Institutes for Biomedical Research, Inc.'s registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Novartis Institutes for Biomedical Research, Inc. does business in the state of Delaware.

11.     Upon information and belief, Defendant AstraZeneca LP is a limited partnership organized and existing under the laws of the state of Delaware.  AstraZeneca LP's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, AstraZeneca LP does business in the state of Delaware.

12.     Upon information and belief, Defendant AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of the state of Delaware.  AstraZeneca Pharmaceuticals LP's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, AstraZeneca Pharmaceuticals LP does business in the state of Delaware.

13.     Upon information and belief, Defendant AstraZeneca Biotech AB is a corporation organized and existing under the laws of the state of Delaware.  AstraZeneca Biotech AB's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, AstraZeneca Biotech AB does business in the state of Delaware.

14.     Upon information and belief, Defendant AstraZeneca Biotech Holdings, Inc. is a corporation organized and existing under the laws of the state of Delaware.  AstraZeneca Biotech Holdings, Inc.'s registered agent for service of process is the Corporation Trust Company,

4

Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, AstraZeneca Biotech Holdings, Inc. does business in the state of Delaware.

15.     Upon information and belief, Defendant AstraZeneca Biopharmaceuticals Inc. is a corporation organized and existing under the laws of the state of Delaware.  AstraZeneca Biopharmaceuticals Inc.'s registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Upon information and belief, AstraZeneca Biopharmaceuticals Inc. does business in the state of Delaware.

16.     Upon information and belief, Defendant Eisai, Inc. is a corporation organized and existing under the laws of the state of Delaware.  Eisai, Inc.'s registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Upon information and belief, Eisai, Inc. does business in the state of Delaware.

17.     Upon information and belief, Defendant Eisai Medical Research Inc. is a corporation organized and existing under the laws of the state of Delaware.  Eisai Medical Research Inc's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Upon information and belief, Eisai Medical Research Inc. does business in the state of Delaware.

18.     Upon information and belief, Defendant Eisai Pharmatechnology, Inc. is a corporation organized and existing under the laws of the state of Delaware.  Eisai Pharmatechnology, Inc.'s registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Upon information and belief, Eisai Pharmatechnology, Inc. does business in the state of Delaware.

19.     Upon information and belief, Defendant Eisai America, Inc. is a corporation organized and existing under the laws of the state of Delaware.  Eisai America, Inc.'s registered agent for service of process is the Prentice-Hall Corporation System, Inc., 2711 Centerville

5

Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Eisai America, Inc. does business in the state of Delaware.

20.     Upon information and belief, Defendant Eisai Corporation of North America is a corporation organized and existing under the laws of the state of Delaware. Eisai Corporation of North America's registered agent for service of process is the Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Eisai Corporation of North America does business in the state of Delaware.

21.     Upon information and belief, Defendant Gilead Sciences, Inc. is a corporation organized and existing under the laws of the state of Delaware. Gilead Sciences, Inc.'s registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Gilead Sciences, Inc. does business in the state of Delaware.

22.     Upon information and belief, Defendant Gilead Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware. Gilead Holdings, LLC's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Gilead Holdings LLC does business in the state of Delaware.

23.     Upon information and belief, Defendant Gilead Sciences Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware. Gilead Sciences Holdings, LLC's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Gilead Sciences Holdings, LLC does business in the state of Delaware.

24.     Upon information and belief, Defendant Gilead Colorado, Inc. is a corporation organized and existing under the laws of the state of Delaware. Gilead Colorado, Inc.'s

6

registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, Gilead Colorado, Inc. does business in the state of Delaware.

25.     Upon information and belief, Defendant Gilead Vintage Park, LLC is a limited liability company organized and existing under the laws of the state of Delaware.  Gilead Vintage Park, LLC's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, Gilead Vintage Park, LLC does business in the state of Delaware.

26.     Upon information and belief, Defendant Vertex Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the state of Massachusetts.  Vertex Pharmaceuticals, Inc.'s registered agent for service of process is C T Corporation System, 155 Federal St., Suite 700, Boston, Massachusetts 02110.  Upon information and belief, Vertex Pharmaceuticals, Inc. does business in the state of Delaware.

27.     Upon information and belief, Defendant Vertex Pharmaceuticals (North America) LLC is a limited liability company organized and existing under the laws of the state of Delaware.  Vertex Pharmaceuticals (North America) LLC's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, Vertex Pharmaceuticals (North America) LLC does business in the state of Delaware.

28.     Upon information and belief, Defendant Vertex Pharmaceuticals (San Diego) LLC is a limited liability company organized and existing under the laws of the state of Delaware.  Vertex Pharmaceuticals (San Diego) LLC's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

Delaware 19801.  Upon information and belief, Vertex Pharmaceuticals (San Diego) LLC does business in the state of Delaware.

29.    Upon information and belief, Defendant Vertex Holdings, Inc. is a corporation organized and existing under the laws of the state of Delaware.  Vertex Holdings, Inc.'s registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19801.  Upon information and belief, Vertex Holdings, Inc. does business in the state of Delaware.

30.    Upon information and belief, Defendant Vertex Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware.  Vertex Holdings, LLC's registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19801.  Upon information and belief, Vertex Holdings, LLC does business in the state of Delaware.

## JURISDICTION AND VENUE

31.    This action is brought pursuant to the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 281. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and/or 1338.

32.    This Court has personal jurisdiction over Defendants PerkinElmer Health Sciences, Inc., PerkinElmer OptoElectronics SC, Inc., PerkinElmer Instruments, LLC, Novartis Pharmaceuticals Corporation, Novartis Vaccines and Diagnostics, Inc., Novartis Institutes for Biomedical Research, Inc., AstraZeneca LP, AstraZeneca Pharmaceuticals LP, AstraZeneca Biotech AB, AstraZeneca Biotech Holdings, Inc., AstraZeneca Biopharmaceuticals Inc., Eisai, Inc., Eisai Medical Research Inc., Eisai Pharmatechnology, Inc., Eisai America, Inc., Eisai Corporation of North America, Gilead Sciences, Inc., Gilead Holdings LLC, Gilead Sciences Holdings, LLC, Gilead Colorado, Inc., Gilead Vintage Park, LLC, Vertex Pharmaceuticals

(North America) LLC, Vertex Pharmaceuticals (San Diego) LLC, Vertex Holdings, Inc., Vertex Holdings, LLC by virtue of their being incorporated or organized in Delaware and doing business in the state of Delaware.

33.     Upon information and belief, this Court has personal jurisdiction over Defendants Corning Inc., PerkinElmer Inc., Novartis Corporation, Vertex Pharmaceuticals, Inc. by virtue of these companies' doing business in the state of Delaware, including offering for sale and selling products and/or services within the state of Delaware and by these companies' deriving significant revenue from such sales.

34.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400 because Defendants reside in this district.

<u>**GENERAL ALLEGATIONS**</u>

35.     U.S. Patent No. 6,218,194 for ANALYTICAL METHODS AND APPARATUS EMPLOYING AN OPTICAL SENSOR DEVICE WITH REFRACTIVE INDEX MODULATION (the "'194 Patent") was issued by the United States Patent and Trademark Office on April 17, 2001.  A copy of the '194 Patent is attached hereto as Exhibit A.

36.     Plaintiff is the exclusive licensee of the '194 Patent with the right to pursue legal action against infringers.

COUNT ONE

<u>INFRINGEMENT OF THE '194 PATENT BY CORNING INC.</u>

37.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36 of this Complaint.

38.     Corning Inc. has infringed and continues to infringe, either directly, or in a contributory or induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claim of the '194

Patent in this District and elsewhere by making, using, offering to sell, selling, and importing a high-throughput label-free screening device identified as the Corning Epic® system.

39.     Among its other acts of infringement, Corning Inc. uses the Corning Epic® system at its Application Center in Corning, New York through which actions Corning performs acts of infringement of the '194 Patent and induces customers to perform acts of infringement of the '194 Patent.

40.     Upon information and belief, Corning Inc. had notice of Plaintiff's rights under the '194 Patent, yet willfully and intentionally commenced and have continued infringement of the '194 Patent.

41.     Plaintiff has been and will continue to be damaged by Corning Inc.'s continuing infringement of the '194 Patent.

<div align="center">COUNT TWO</div>

<div align="center">INFRINGEMENT OF THE '194 PATENT BY THE PERKINELMER DEFENDANTS</div>

42.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 41 of this Complaint.

43.     Defendants PerkinElmer, Inc., PerkinElmer Health Sciences, Inc., PerkinElmer OptoElectronics SC, Inc., and PerkinElmer Instruments, LLC (collectively the "PerkinElmer Defendants") have infringed and continue to infringe, either directly, or in a contributory or induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claim of the '194 Patent in this District and elsewhere by making, using, offering to sell, selling, and importing a label-free screening device identified as the EnSpire® Multimode Plate Reader and by using the Corning Epic® system.

44.     Upon information and belief, the PerkinElmer Defendants had notice of Plaintiff's rights under the '194 Patent, yet willfully and intentionally commenced and have continued infringement of the '194 Patent.

45.     Plaintiff has been and will continue to be damaged by the PerkinElmer Defendants' continuing infringement of the '194 Patent.

COUNT THREE

INFRINGEMENT OF THE '194 PATENT BY THE NOVARTIS DEFENDANTS

46.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 45 of this Complaint.

47.     Novartis Corporation, Novartis Pharmaceuticals Corporation, Novartis Vaccines and Diagnostics, Inc., and Novartis Institutes for Biomedical Research, Inc. (collectively the "Novartis Defendants") have infringed and continue to infringe, either directly, or in a contributory or induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claims of the '194 Patent by using the Corning Epic® system.

48.     Upon information and belief, the Novartis Defendants had notice of Plaintiff's rights under the '194 Patent, yet willfully and intentionally commenced and have continued infringement of the '194 Patent.

49.     Plaintiff has been and will continue to be damaged by the Novartis Defendants' continuing infringement of the '194 Patent.

COUNT FOUR

INFRINGEMENT OF THE '194 PATENT BY THE ASTRAZENECA DEFENDANTS

50.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 49 of this Complaint.

51.     AstraZeneca LP, AstraZeneca Pharmaceuticals LP, AstraZeneca Biotech AB, AstraZeneca Biotech Holdings, Inc., and AstraZeneca Biopharmaceuticals Inc. (collectively the

"AstraZeneca Defendants") have infringed and continue to infringe, either directly, or in a contributory or induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claims of the '194 Patent by using the Corning Epic® system.

52.     Upon information and belief, the AstraZeneca Defendants had notice of Plaintiff's rights under the '194 Patent, yet willfully and intentionally commenced and have continued infringement of the '194 Patent.

53.     Plaintiff has been and will continue to be damaged by the AstraZeneca Defendants' continuing infringement of the '194 Patent.

<div align="center">COUNT FIVE</div>

<div align="center">INFRINGEMENT OF THE '194 PATENT BY THE EISAI DEFENDANTS</div>

54.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 53 of this Complaint.

55.     Eisai, Inc., Eisai Medical Research Inc., Eisai Pharmatechnology, Inc., Eisai America, Inc., and Eisai Corporation of North America (collectively the "Eisai Defendants") have infringed and continue to infringe, either directly, or in a contributory or induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claims of the '194 Patent by using the Corning Epic® system.

56.     Upon information and belief, the Eisai Defendants had notice of Plaintiff's rights under the '194 Patent, yet willfully and intentionally commenced and have continued infringement of the '194 Patent.

57.     Plaintiff has been and will continue to be damaged by the Eisai Defendants' continuing infringement of the '194 Patent.

COUNT SIX

INFRINGEMENT OF THE '194 PATENT BY THE GILEAD DEFENDANTS

58.    Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 57 of this Complaint.

59.    Gilead Sciences, Inc., Gilead Holdings LLC, Gilead Sciences Holdings, LLC, Gilead Colorado, Inc., and Gilead Vintage Park, LLC (collectively the "Gilead Defendants") have infringed and continue to infringe, either directly, or in a contributory or induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claims of the '194 Patent by using the Corning Epic® system.

60.    Upon information and belief, the Gilead Defendants had notice of Plaintiff's rights under the '194 Patent, yet willfully and intentionally commenced and have continued infringement of the '194 Patent.

61.    Plaintiff has been and will continue to be damaged by the Gilead Defendants' continuing infringement of the '194 Patent.

COUNT SEVEN

INFRINGEMENT OF THE '194 PATENT BY THE VERTEX DEFENDANTS

62.    Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 61 of this Complaint.

63.    Vertex Pharmaceuticals, Inc., Vertex Pharmaceuticals (North America) LLC, Vertex Pharmaceuticals (San Diego) LLC, Vertex Holdings, Inc., and Vertex Holdings, LLC (collectively the "Vertex Defendants") have infringed and continue to infringe, either directly, or in a contributory or induced manner (35 U.S.C. § 271(a), (b), or (c)), one or more claims of the '194 Patent by using the Corning Epic® system.

64.     Upon information and belief, the Vertex Defendants had notice of Plaintiff's rights under the '194 Patent, yet willfully and intentionally commenced and have continued infringement of the '194 Patent.

65.     Plaintiff has been and will continue to be damaged by the Vertex Defendants' continuing infringement of the '194 Patent.

WHEREFORE, Plaintiff demands trial by jury and prays that this Court:

A.      Enter an Order declaring the '194 Patent infringed by Defendants;

B.      Enter judgment in favor of Plaintiff and against Defendants for damages for patent infringement pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but in no event less than a reasonable royalty for infringement of the '194 Patent;

C.      Enter judgment in favor of Plaintiff and against Defendants for treble damages pursuant to 35 U.S.C. § 284 by reason of Defendants' deliberate and willful infringement of the '194 Patent;

D.      Enter an Order awarding Plaintiff interest and reasonable attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs and expenses; and

E.      Enter an Order granting Plaintiff such other and further relief as the Court deems just and proper.

<div style="margin-left:40%">

PROCTOR HEYMAN, LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Email:  nbelgam@proctorheyman.com
Melissa Donimirski (No. 4701)
Email:  mdonimirski@proctorheyman.com
1116 N. West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Plaintiff Resonant
Biotechnologies, LLC

</div>

OF COUNSEL:

STOEL RIVES LLP
Matthew C. Phillips
Email:  mcphillips@stoel.com
Nathan C. Brunette
Email:  ncbrunette@stoel.com
900 SW Fifth Avenue
Suite 2600
Portland, OR  97204
(503) 224-3380


STOEL RIVES LLP
Marc T. Rasich
Email:  mtrasich@stoel.com
Matthew D. Thayne
Email:  mdthayne@stoel.com
Daniel C. Higgs
Email:  dchiggs@stoel.com
201 South Main Street
Suite 1100
Salt Lake City, UT  84111
(801) 328-3131


Dated: April 8, 2011